# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

___

| | |
|---|---|
| GLENN EDMONDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16-cv-1291-STA-egb |
| | ) |
| DIRECTV, LLC, | ) |
| | ) |
| Defendant. | ) |

___

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND
___

Before the Court is Plaintiff Glenn Edmonds' Motion to Remand (ECF No. 11) filed on December 9, 2016. Defendant DirecTV, LLC has responded in opposition. For the reasons set forth below, the Motion to Remand is **DENIED**.

## BACKGROUND

On October 5, 2016, Plaintiff filed a Complaint in the Circuit Court for Hardeman County, Tennessee. Defendant removed the case to this Court on November 14, 2016. According to the Notice of Removal, this Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claim for violation of the Telephone Consumer Protection Act arises under federal law. In his Motion to Remand, Plaintiff concedes that his Telephone Consumer Protection Act arises under the laws of the United States, 47 U.S.C. § 227(b), but argues that the Act confers concurrent jurisdiction over claims under the Act on state courts as well as federal courts.[1] As such, removal was improper, and

___

[1] Plaintiff also argues that the Court lacks diversity jurisdiction because 28 U.S.C. § 1332's amount in controversy is not satisfied. The Court finds it unnecessary to reach this

1

the Court must remand the case. Defendant has responded in opposition arguing that concurrent jurisdiction does not preclude removal of a claim over which a federal court has concurrent jurisdiction. Therefore, the Court should deny Plaintiff's Motion to Remand.

## STANDARD OF REVIEW

"When a plaintiff files a case in state court that could have been brought in a federal district court, a defendant may invoke the removal statute, 28 U.S.C. § 1441, to secure a federal forum."[2] "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."[3] The burden to establish the existence of federal jurisdiction by a preponderance of the evidence rests with the removing party.[4]

## ANALYSIS

The issue presented is whether Plaintiff's Telephone Consumer Protection Act claim is removable under 28 U.S.C. § 1441. The Telephone Consumer Protection Act, 47 U.S.C. § 227, outlaws specific telemarketing practices.[5] In *Mims v. Arrow Financial Services, LLC*, the Supreme Court concluded that state courts and federal courts have concurrent jurisdiction over

---

argument. The Notice of Removal does not allege that diversity jurisdiction is satisfied, only federal question jurisdiction. Plaintiff's argument is therefore misplaced.

[2] *Jarrett-Cooper v. United Airlines, Inc.*, 586 F. App'x 214, 215 (6th Cir. 2014) (quoting *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 83 (2005)).

[3] *Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 518 (6th Cir. 2012) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

[4] *Nowicki-Hockey v. Bank of Am., N.A.*, 593 F. App'x 420, 421 (6th Cir. 2014); *Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010) ("[The removing party] has the burden of showing that the requirement 'more likely than not' is satisfied.").

[5] *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 373 (2012).

claims arising under the Act.[6] The Supreme Court concluded that TCPA claims "plainly arise[] under the laws of the United States" and thereby confer federal question jurisdiction under 28 U.S.C. § 1331.[7] Perhaps most important of all, Justice Ginsburg, writing for a unanimous court, implied that TCPA claims are fully removable where she stated in a footnote that "[w]hen Congress wants to make federal claims instituted in state court nonremovable, it says just that."[8] Although this remark is arguably dicta, it is entirely consistent with Sixth Circuit cases holding that "a congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited."[9] In light of this authority, the Court concludes that it has subject-matter jurisdiction over Plaintiff's TCPA claims and that Defendant's removal of the claims was proper. Therefore, Plaintiff's Motion to Remand is **DENIED**.

    **IT IS SO ORDERED.**

                                            s/ S. Thomas Anderson
                                              S. THOMAS ANDERSON
                                              CHIEF UNITED STATES DISTRICT JUDGE

                                              Date: April 21, 2017.

---

[6] *Id.* at 371; *see also Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 465 (6th Cir. 2010).

[7] *Id.* at 377.

[8] *Id.* at 386 n.15.

[9] *Warren v. U.S.*, 932 F.2d 582, 585–86 (6th Cir. 1991) (holding that concurrent jurisdiction over Food Stamp Act claims did not bar removal to federal court); *Dorsey v. City of Detroit,* 858 F.2d 338, 341 (6th Cir. 1988) (holding that concurrent jurisdiction over 1983 claims did not bar removal to federal court).